## Mary S. Williams

*v.*

## William A. Baker et al.

[Filed February 1st, 1902.]

*Gen. Stat. p. 2980 ¶ 7*, providing that on a sale on execution of any interest in lands the purchaser shall take such estate and interests as the debtor had, refers only to legal estates, and the estate remaining in a grantor after a deed absolute intended as a mortgage, being equitable, a purchaser at execution sale of such estate takes no title, either legal or equitable.

On bill for injunction.

*Mr. William B. Guild,* for the complainant.

*Mr. John J. Hubbell,* for the defendants.

Emery, V. C.

The general equitable rule upon which jurisdiction in this case is invoked is that of declaring a deed, which was, on its face, an absolute conveyance, to have been merely a mortgage to indemnify the grantee against liabilities assumed by him and another for one of the grantors, and to have the mortgage canceled, because the grantees have been relieved from the liability against which they were secured. At the hearing I decided that the proofs sustained this claim as to the character of the transaction and as to the discharge of the grantees from liability. The parties complainant and defendants are not, however, the original parties to the transaction, but are, or claim to be, purchasers under judgments at law against the respective parties to the deed, the complainant claiming title to the lands in question through a purchaser at execution sale, made on a judgment at law recovered against the grantors, and the defendants being judgment

creditors and purchasers of the land at execution sale, on a judgment recovered by them against the grantee, subsequent to the execution sale on the judgment against the grantors. The purchaser at the execution sale under the judgment against the grantors has conveyed her interest in the land to the complainant, by a deed subsequent to the sheriff's deed made to defendants. The question reserved at the hearing was whether the complainant, by the execution sale under the judgment against the grantee and the conveyance from the purchaser at this sale, acquired any title, legal or equitable, to the grantor's interest in the lands. Under the acts relating to the sale of lands only legal estates or interests in lands can be sold, and equitable estates cannot be levied on or sold under judgment and execution. *Gen. Stat. p. 2980 ¶ 7; Den* v. *Steelman, 5 Halst. 229 (1828)*; *Disborough* v. *Outcalt, Sax. 298, 304 (1831)*; *Van Cleve* v. *Groves, 3 Gr. Ch. 330 (1843)*; *Belford* v. *Crane, 1 C. E. Gr. 265, 268 (Chancellor Green, 1863)*. And while it is settled that the equity of redemption in lands is a legal estate in the mortgagor, where the estate conveyed to the mortgagee is, upon the face of the conveyance, a mortgage only, and this estate or equity of the mortgagor is recognized as a legal estate, subject to sale on execution at law, yet it has also been expressly decided by this court that where an absolute deed has been given, a court of law cannot inquire or determine whether the deed was intended to be a mortgage, and that this is a question over which the equity tribunals have exclusive jurisdiction. *Foley* v. *Kirk, 6 Stew. Eq. 170, 176 (Vice-Chancellor Van Fleet, 1880)*. In this case the complainants, who claimed under the grantor in the absolute deeds, had brought an action of ejectment, and the equitable jurisdiction to compel the surrender of the deeds, as mortgages which had been satisfied, was sustained on the ground that the question could not be tried at law. In *Abbott* v. *Hanson, 4 Zab. 493, 497 (1854)*, the supreme court held that evidence could not be permitted in a court of law, in an action of ejectment, to show that an absolute assignment of a lease by a lessor was, in fact, a mortgage. No cases at law in this state admitting such evidence have been referred to or found. The estate in the lands, therefore, which remains in the grantor after an absolute conveyance intended as a

mortgage, must be held to be an equitable estate only.  As such it could not be subject to execution and sale, and the purchaser at the sale took no title by the sale and could convey none to the complainant.  This purchaser was not the judgment creditor, but was Ellen H. Stiger, a daughter of Jacob W. Stiger, one of the judgment debtors, the other judgment debtor being Elizabeth W. Stiger, who was alleged to be the owner of the lands conveyed. Elizabeth W. Stiger has since died, and who were her heirs or devisees has not been alleged or proved.  The equitable interest and estate in the lands and the right of cancellation passed to them.   Complainant, shortly before filing the bill, procured a conveyance from Ellen H. Stiger of her interest in the lands in question, and claims title by reason of this conveyance, but, in the absence of proof that Ellen H. Stiger was the heir or devisee of Elizabeth W. Stiger, no decree can be based on the existence of her estate or interest as heir or devisee.  And, as the case now stands upon the proofs, her only interest was that of purchaser under a sale at execution, which conveyed no title, either legal or equitable.  If she was, in fact, the heir-at-law or devisee of Elizabeth W. Stiger, I will hear an application to open the proofs to allow the bill to be amended and this fact to be proved.